## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CANDIDO ORTUNO ALVEAR,    :     MOTION TO VACATE
Federal Reg. No. 64340-019,   :     28 U.S.C. § 2255
     Movant,              :
                         :     CRIMINAL NO.
     v.                 :     1:13-CR-45-AT-JSA-1
                         :
UNITED STATES OF        :     CIVIL ACTION NO.
AMERICA,               :     1:16-CV-664-AT-JSA
     Respondent.        :

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Movant Candido Ortuno Alvear filed a *pro se* motion to vacate pursuant to 28 U.S.C. § 2255 on February 29, 2016,[1] in which he raised one claim: that he received ineffective assistance of counsel because counsel failed to file an appeal after Movant requested him to do so.  (Doc. 348).  For the reasons that follow, the undersigned hereby **RECOMMENDS** that the instant motion to vacate sentence (Doc. 348) be **DENIED**.

---

[1] Under the federal "mailbox rule," both a *pro se* federal habeas petition and a § 2255 motion are deemed to be filed on the date they were delivered to prison authorities for mailing, and absent evidence to the contrary, the Court presumes the prisoner delivered his pleading to prison officials on the day it was signed.  *See Day v. Hall*, 528 F.3d 1315, 1318 (11th Cir. 2008).  Here, however, Movant provided the date that the § 2255 motion was signed [February 25, 2016], but also provided a different date that it was delivered to prison authorities [February 29, 2016]; therefore, there is no need for the presumption and the § 2255 motion was filed on February 29, 2016.

I.   Procedural History

On November 26, 2013, Movant, represented by Michael Friedman, entered a guilty plea to one count of conspiracy with the intent to distribute at least 500 grams of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii).  (Doc. 51; Doc. 217, Attach. 1).  The plea agreement contains a waiver of Movant's appellate and collateral rights.  (Doc. 217, Attach. 1 at 7).  On December 17, 2014, U.S. District Judge Amy Totenberg sentenced Movant to 262 months of imprisonment to be followed by five years of supervised release.  (Doc. 294).  Immediately following sentencing, Judge Totenberg advised Movant that he had fourteen (14) days to appeal the sentence.  (Doc. 353 at 14).  Movant did not file a direct appeal of his conviction and sentence.

Movant filed a *pro se* § 2255 motion on February 25, 2016, in which he claims that counsel was constitutionally ineffective for failing to file an appeal after Movant requested him to do so.  (Doc. 348).  Movant argues that the one-year limitation period should be equitably tolled because he did not discover that his attorney never filed an appeal until February 16, 2016, when the Eleventh Circuit responded to his inquiry.  (Doc. 348 at 30, 36).  The Government argues that the

2

instant motion to vacate is untimely and that Movant has not demonstrated that equitable tolling is warranted. (Doc. 351). The undersigned agrees.

II.    Analysis

    A.    The Motion to Vacate is Untimely.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal prisoners must file a 28 U.S.C. § 2255 motion to vacate within one year of the latest of four specified events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Movant was sentenced on December 17, 2014, and he had fourteen (14) days from that date to file an appeal. *See* Fed. R. App. P. 4(b)(1)(A). Having

AO 72A
(Rev.8/82)

not filed an appeal, Movant's convictions became final on December 31, 2014, and Movant therefore had until December 31, 2015, to file a § 2255 motion. The instant motion, filed nearly two months later on February 29, 2016, is therefore untimely under §2255(f)(1).

    B.    <u>Movant Has Not Demonstrated He is Entitled to Statutory Tolling</u>.

To the degree that this Court could construe Movant's argument as one for statutory tolling under §2255(f)(4), any such argument is without merit. A § 2255 motion based on a claim such as Movant's – that he requested his attorney to file an appeal and his attorney did not do so – may be considered timely under § 2255(f)(4) "if the movant files within one year of discovering, through the exercise of due diligence, that counsel did not file the requested appeal." *Long v. United States*, 626 F.3d 1167, 1169 (11th Cir. 2010). Under that statutory provision, the limitations period "begins to run when the facts *could have been discovered* through the exercise of due diligence, not when they were *actually* discovered." *Aron v. United States*, 291 F.3d 701, 711 (11th Cir. 2002) (emphasis in original). *See also Johnson v. United States*, 544 U.S. 295, 310-11 (2005) (stating that a movant must act with "reasonable promptness" and that the movant was not diligent where he "delayed unreasonably"); *Tucker v. United States*, 249

4

F. App'x 763, 764 (11th Cir. 2007) ("If the court finds that a petitioner was not diligent in his efforts, it must proceed to consider when the petitioner could have discovered the facts essential to his claim had he been acting diligently.") (citing *Aron*, 291 F.3d at 711, n.1).

Movant did not exercise diligence here.  In fact, other than a conclusory claim that he acted diligently, Movant does not explain what, if any, efforts he made *during* the limitation period – such as contacting counsel, this Court, or the Eleventh Circuit – to ascertain whether counsel actually filed an appeal.  Instead, and despite the fact that Movant was advised at sentencing that he only had fourteen days to file an appeal, the only attempt he alleges he made to discover whether an appeal had been filed is his inquiry to the Eleventh Circuit more than one year later in February of 2016.  The fact that there was no appeal pending, however, could have been discovered with reasonable diligence through easily accessible public resources as early as December 31, 2014, when the time to file his notice of appeal expired – if Movant simply had asked his attorney, contacted the Clerk of this Court, or contacted the Eleventh Circuit as he eventually did.  *See Anjulo-Lopez v. United States*, 541 F.3d 814, 819 (8th Cir. 2008) ("That an appeal had not been filed was a matter of public record.  And we think it clear from the

face of the motion and record here that a duly diligent person in [the movant's] position could have unearthed that information any time after the deadline for filing the appeal passed."); *Owens v. Boyd*, 235 F.3d 356, 360 (7th Cir. 2000) (stating that the fact that a petition for discretionary review had not been filed was a "matter of public record, which reasonable diligence could have unearthed" before the expiration of the limitation period); *Burks v. United States*, Nos. 3:12-cv-913-J-34JBT, 3:10-cr-74-J-34JBT, 2015 WL 224639, at *4 (M.D. Fla. Jan. 15, 2015) ("Where, as in the Eleventh Circuit, the filing of a notice of appeal (or lack thereof) is public information, the fact that an attorney has failed to file one is a fact that becomes discoverable through the exercise of due diligence once the time for filing a notice of appeal has expired."); *Thomas v. United States*, Nos. 2:11-CV-08019-CDP-JE, 2:09-CR-0277-RDP-JE, 2014 WL 4715861, at *7 (N.D. Ala. Sept. 22, 2014) ("Whether a notice of appeal was subsequently filed was a matter of public record, so Petitioner could have verified any time after [the deadline] that no appeal had been filed by simply contacting the Clerk of either this Court or the Eleventh Circuit."). Movant, however, did nothing for over one year, and his vague and conclusory allegations of his alleged diligence is insufficient to satisfy his burden that he made "reasonable efforts" with "reasonable promptness."

6

*Johnson*, 544 U.S. at 310-11.  Movant's petition is therefore also untimely under 28 U.S.C. § 2255(f)(4).

      C.    <u>Movant Is Not Entitled To Equitable Tolling.</u>

Movant alternatively claims that he is entitled to equitable tolling of the limitation period.  The one-year limitation period contained in § 2255(f) is subject to equitable tolling in appropriate cases where "extraordinary circumstances" stood in the movant's way and prevented him from timely filing.  *Holland v. Florida*, 560 U.S. 631, 645 (2010).  "[S]erious attorney conduct, including 'acts of gross negligence [and] acts of outright willful deceit' could constitute 'extraordinary circumstances' that would justify equitable tolling" of a § 2255 limitation period. *Smith v. United States*, 420 F. App'x 944, 946 (11th Cir. 2011) (quoting *Downs v. McNeil*, 520 F.3d 1311, 1323 (11th Cir. 2008)).  *See also Holland*, 560 U.S. at 645 (holding that attorney error that qualifies as an extraordinary circumstance may be something less than egregious, but must be more than garden variety negligence or excusable neglect).

Just as with statutory tolling under § 2255(f)(4), however, to be entitled to equitable tolling a movant must show that he has been pursuing his rights diligently, *Lawrence v. Florida*, 549 U.S. 327, 336 (2007), and a movant "bears

the difficult burden of showing specific facts to support his claim of extraordinary circumstances and due diligence." *Mazola v. United States*, 294 F. App'x 480, 482 (11th Cir. 2008); *Wade v. Battle*, 379 F.3d 1254, 1265 (11th Cir. 2004); *Dodd v. United States*, 365 F.3d 1273, 1282 (11th Cir. 2004); *Drew v. Department of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002). *See also Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008) ("This Court has held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence."). Put another way, equitable tolling is "a rare and extraordinary remedy[,]" and "mere conclusory allegations are not sufficient to raise the issue." *Doe v. United States*, 469 F. App'x 798, 800 (11th Cir. 2012). Finally, a "[a movant's] efforts to learn of the disposition of pre-federal habeas steps are crucial to determining whether equitable tolling is appropriate." *San Martin v. McNeil*, 633 F.3d 1257, 1269 (11th Cir. 2011).

Here, Movant claims in a conclusory manner that he did not know or could not have discovered that counsel had failed to file an appeal upon his request, and that once he discovered that fact on February 16, 2016, he acted diligently in filing the instant § 2255 motion. As discussed in Section II.B., *supra*, however, Movant provides no justification for why he did nothing for more than one year after the

8

deadline for filing a notice of appeal had expired, and only then – nearly two months later – did he inquire with the Eleventh Circuit about whether counsel did, in fact, file an appeal on his behalf.

As a result, the Court finds that Movant has failed to meet his burden that he exercised due diligence and therefore is not entitled to equitable tolling. Accordingly, the instant § 2255 motion is untimely.[2]

III.    Conclusion

Based on the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Movant's motion to vacate sentence [Doc. 348] be **DENIED**.

---

[2] Because Movant merely alleged conclusory allegations of diligence and provided no facts that would indicate that he was, in fact, diligent in discovering whether his attorney filed a notice of appeal on his behalf, an evidentiary hearing is not necessary to determine whether equitable tolling is warranted. *See Pugh v. Smith*, 465 F.3d 1295, 1300 (11th Cir. 2006) ("A petitioner is *not* entitled to an evidentiary hearing . . . when his claims are merely conclusory allegations unsupported by specifics.") (internal quotations and citations omitted).

AO 72A
(Rev.8/82)

IV.   <u>Certificate of Appealability</u>

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   28 U.S.C. § 2253(c)(2) provides that a certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."   In order for the certification requirement to fulfill its function of weeding out frivolous appeals, a court should not automatically issue a COA; rather, the applicant must prove "something more than the absence of frivolity" or "the existence of mere 'good faith' on his or her part."   *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (citations omitted).

Movant need not prove, however, that some jurists would grant the § 2255 motion. *See id.*  "The question is the debatability of the underlying constitutional claim, not the resolution of that debate." *See Lamarca v. Secretary, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009) (citing *Miller-El*, 537 U.S. at 325).  In other words, Movant need only demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*

10

*v. McDaniel*, 529 U.S. 473, 484 (2000).  Based on the foregoing discussion, reasonable jurists would not find "debatable or wrong" the undersigned's determination that Movant's claims are time-barred.  *See Slack*, 529 U.S. at 484.

Accordingly, **IT IS FURTHER RECOMMENDED** that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED** this 11th day of October, 2016.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)