UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CANDIDO ORTUNO ALVEAR, | : | MOTION TO VACATE |
| Federal Reg. No. 64340-019, | : | 28 U.S.C. § 2255 |
| Movant, | : | |
| | : | CRIMINAL NO. |
| v. | : | 1:13-CR-45-AT-JSA-1 |
| | : | |
| UNITED STATES OF | : | CIVIL ACTION NO. |
| AMERICA, | : | 1:16-CV-664-AT-JSA |
| Respondent. | : | |

**ORDER AND OPINION**

The matter is before the Court on the Magistrate Judge's Final Report and Recommendation ("R&R") [360] and Movant's objections thereto [363].

The district court must "make a *de novo* determination of those portions of the [R&R] to which objection is made" and 528 U.S.C. § 636(b)(1)(C). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b).

On February 29, 2016, Movant executed the instant *pro se* motion to vacate his sentence under 28 U.S.C. § 2255, and raised one claim: that he received ineffective assistance of counsel because counsel failed to file an appeal after Movant requested him to do so. (Doc. 348). The Magistrate Judge found that an

evidentiary hearing was not warranted, and has recommended that the § 2255 motion be denied because it is untimely and Movant did not demonstrate that he is entitled to equitable tolling. (*See generally* Doc. 360 ). Movant has now filed objections to the R&R [363].

In Movant's first objection, he argues that the Magistrate Judge should have held an evidentiary hearing, because in failing to do so hearing, the Magistrate Judge addressed only part of Movant's claim and "[t]he Government itself conceded that [Movant's] claim cannot be 'conclusively rejected' based on the face of 'the motion and the files and records of the case' alone." (Doc. 363 at 1) (citations omitted). What Movant ignores, however, is the Government's first argument that no evidentiary hearing is necessary and the Court should not reach the merits of Movant's claim because the petition is time-barred. (Doc. 351 at 1-9). Movant instead relies on the Government's alternative argument upon – that is, *if* the Court resolves the timeliness issue *in Movant's favor*, *then* a limited evidentiary hearing would be needed to determine whether Movant did, in fact, ask counsel to appeal, whether counsel adequately consulted with Movant about an appeal, whether counsel had an affirmative duty to consult with Movant about an appeal, and/or whether Movant was prejudiced by any failure to consult and/or

2

file an appeal. (Doc. 351 at 9-10). Because the Magistrate Judge determined that the record conclusively demonstrated that the § 2255 motion was untimely and that Movant was not entitled to equitable tolling, however, the Magistrate Judge did not have to hold an evidentiary hearing on the merits.[1] *See, e.g., Spears v. Warden*, 605 F. App'x 900, 903 (11th Cir. 2015) ("[T]he district court may still review the merits of an untimely § 2254 petition if the petitioner shows that he is entitled to equitable tolling.").

The remainder of Movant's objections focus on the merits of Movant's claim – *i.e.,* that Movant's attorney failed to file a notice of appeal on his behalf – and that the Magistrate Judge should have applied equitable tolling to the limitation period because his counsel's actions amounted to "extraordinary circumstances" that would warrant equitable tolling. (Doc. 363 at 2-4). In order for Movant to be entitled to equitable tolling, however, the burden is on Movant

---

[1] To the degree that this Court could construe Movant's claim as an argument that the Magistrate Judge should have held an evidentiary hearing on the issue of equitable tolling, any such hearing is committed to the Magistrate Judge's sound discretion. *Spears v. Warden*, 605 F. App'x 900, 905 (11th Cir. 2015) ("[T]he decision as to whether to hold an evidentiary hearing on equitable tolling is committed to the sound discretion of the district court[.] . . ." As discussed further herein, the Magistrate Judge did not abuse his discretion in that regard.

to demonstrate *both* extraordinary circumstances that stood in the way of meeting the one-year deadline *and* reasonable diligence. *See Spears*, 605 F. App'x at 904-05 ("Yet even if Spears had established an extraordinary circumstance, as explained above, 'equitable tolling is available only if a petitioner establishes *both* extraordinary circumstances and due diligence.'") (quoting *Diaz v. Secretary for Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004)) (emphasis in original); *Chavez v. Secretary, Fla. Dep't of Corr.*, 647 F.3d 1057, 1070 (11th Cir. 2011) ("The question is whether the alleged facts, when taken as true, show *both* extraordinary circumstances *and* reasonable diligence entitling Chavez to enough equitable tolling to prevent his petition from being time-barred[.] . . .") (emphasis added). Thus, even assuming that Movant's attorney failed to file an appeal after Movant asked him to do so at sentencing and that any such failure could constitute "extraordinary circumstances," as the Magistrate Judge found, Movant did not show that he exercised reasonable diligence:

> Movant did not exercise diligence here.  In fact, other than a conclusory claim that he acted diligently, Movant does not explain what, if any, efforts he made *during* the limitation period – such as contacting counsel, this Court, or the Eleventh Circuit – to ascertain whether counsel actually filed an appeal.  Instead, and despite the fact that Movant was advised at sentencing that he only had fourteen days to file an appeal, the only attempt he alleges he made to

> discover whether an appeal had been filed is his inquiry to the Eleventh Circuit more than one year later in February of 2016. The fact that there was no appeal pending, however, could have been discovered with reasonable diligence through easily accessible public resources as early as December 31, 2014, when the time to file his notice of appeal expired – if Movant simply had asked his attorney, contacted the Clerk of this Court, or contacted the Eleventh Circuit as he eventually did.
>
> \* \* \*
>
> Movant, however, did nothing for over one year, and his vague and conclusory allegations of his alleged diligence is insufficient to satisfy his burden that he made "reasonable efforts" with "reasonable promptness."
>
> \* \* \*
>
> Here, Movant claims in a conclusory manner that he did not know or could not have discovered that counsel had failed to file an appeal upon his request, and that once he discovered that fact on February 16, 2016, he acted diligently in filing the instant § 2255 motion. As discussed in Section II.B., *supra*, however, Movant provides no justification for why he did nothing for more than one year after the deadline for filing a notice of appeal had expired, and only then – nearly two months later – did he inquire with the Eleventh Circuit about whether counsel did, in fact, file an appeal on his behalf.
>
> As a result, the Court finds that Movant has failed to meet his burden that he exercised due diligence and therefore is not entitled to equitable tolling.

(Doc. 360 at 5-9) (citations omitted).

Movant does not object to the Magistrate Judge's conclusion that Movant did not exercise reasonable diligence, and the Court finds no clear error in that conclusion. *See, e.g., Anjulo Lopez v. United States*, 541 F.3d 814, 819 (8th Cir.

2008) ("That an appeal had not been filed was a matter of public record.  And we think it clear from the face of the motion and record here that a duly diligent person in [the movant's] circumstances could have unearthed that information anytime after the deadline for filing the appeal passed."); *Owens v. Boyd*, 235 F.3d 356, 360 (7th Cir. 2000) (stating that the fact that a petition for discretionary review had not been filed was a "matter of public record, which reasonable diligence could have unearthed" before the expiration of the limitation period); *Burks v. United States*, Nos. 3:12-cv-913-J-34JBT, 3:10-cr-74-J-34JBT, 2015 WL 224639, at *4 (M.D. Fla. Jan. 15, 2015) ("Where, as in the Eleventh Circuit, the filing of a notice of appeal (or lack thereof) is public information, the fact that an attorney has failed to file one is a fact that becomes discoverable through the exercise of due diligence once the time for filing a notice of appeal has expired."); *Thomas v. United States*, Nos. 2:11-CV-08019-CDP-JE, 2:09-CR-0277-RDP-JE, 2014 WL 4715861, at *7 (N.D. Ala. Sept. 22, 2014) ("Whether a notice of appeal was subsequently filed was a matter of public record, so Petitioner could have verified any time after [the deadline] that no appeal had been filed by simply contacting the Clerk of either this Court or the Eleventh Circuit.").  Because Movant has not demonstrated that he acted with reasonable diligence, he is not

6

entitled to equitable tolling, and the instant action is, in fact, untimely. *See Spears*, 605 F. App'x at 905-06 (affirming district court's dismissal of the habeas petition as untimely and the district court's finding, without holding an evidentiary hearing, that the movant was not entitled to equitable tolling because, *inter alia*, the petitioner had offered no evidence to demonstrate that he had pursued his rights diligently); *Melson v. Commissioner, Ala. Dep't of Corr.*, 713 F.3d 1086, 1089 (11th Cir. 2013) (affirming district court's dismissal of petition as untimely where the petitioner took no independent steps to ensure that his federal habeas petition was timely filed as his attorney told him it had been, and finding that "we need not address Melson's arguments pertaining to whether his attorneys' conduct constituted an 'extraordinary circumstance' because we agree with the district court that Melson did not exercise reasonable diligence in prosecuting his federal habeas case."); *Chavez*, 647 F.3d at 1072 (affirming district court's dismissal as untimely after concluding that equitable tolling was not warranted, as the petitioner failed to demonstrate that he acted with reasonable diligence during the time he sought to be equitably tolled because, *inter alia*, during that time period he never contacted the state court or his attorney to learn about the status of his state habeas case); *Pava v. United States*, Nos. 8:11-CV-323-T-24 AEP, 8:07-CR-

7

289-T-24 AEP, 2011 WL 1337510, at *2 (M.D. Fla. Apr. 7, 2011) (rejecting the movant's argument that the one-year limitation period should be equitably tolled and finding that the movant had not exercised reasonable diligence where after sentencing the movant told his attorney that he wanted to appeal, counsel was paid a retainer to file an appeal, the movant assumed that counsel had filed the appeal, but the movant did not learn that counsel had not filed the appeal until over two years after sentencing when the movant eventually requested and received a copy of the docket sheet of his case).

The Court therefore **OVERRULES** Movant's objections [363], **ADOPTS** the Magistrate Judge's Final Report and Recommendation [360], and **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED** this 28th day of October, 2016.

_____
AMY TOTENBERG
UNITED STATES DISTRICT JUDGE